228 So.2d 463

SOUTHEAST CONTRACTORS, INC., a Corp. and National Union Fire Insurance Co. of Pittsburgh, Pa., a Corp.

v.

H. & R. CONSTRUCTION COMPANY, Inc., a Corp.

6 Div. 535.

Supreme Court of Alabama.

Nov. 20, 1969.

Hubbard & Waldrop and Wade H. Morton, Jr., Tuscaloosa, for appellants.

Zeanah & Donald, Tuscaloosa, for appellee.

SIMPSON, Justice.

In March, 1964, Southeast Contractors, Inc. entered into a contract with the State of Alabama to perform all the work and labor and to furnish and deliver all the materials to construct the public road in Tuscaloosa County referred to as the 15th Street Project.

Simultaneously Southeast Contractors, Inc. as principal, and National Union Fire Insurance Company of Pittsburgh, Pennsyl-

vania, as surety, executed a payment bond which is the basis of this suit, and a bond for the performance of the project.

In February, 1964, H. & R. Construction Company, Inc. began negotiations with Southeast Contractors, Inc. concerning subcontracts on the project. On March 2, 1964, the appellee entered into a written subcontract with the appellant contractor, which provided that the appellee as subcontractor would furnish all labor and materials for completing sanitary sewers and a bridge in connection with the project for a consideration of $54,280.21. The appellant contractor's charge to the State of Alabama for the identical items was $76,772.55. On March 13, 1964, the appellee subcontracted in writing with the appellant contractor to furnish the material only on various bid items covering roadway and storm sewer pipe. The amount of this second subcontract was $21,479.85. The appellant's general contract with the State of Alabama calls for appellant to be paid $27,199.85 for the identical items covered by this second subcontract.

In addition to the written subcontracts, the two contractors orally agreed that appellee's president, James Ray Cox, would serve as appellant contractor's job superintendent at a salary of $150.00 per week plus an additional $50.00 to be on the site personally. Cox served in this capacity for approximately six weeks but was paid only $800.00. $500.00 of this was later deducted by the appellant.

The appellee and the appellant contractor also had an oral agreement for the appellee to perform and to be paid for excavation work not included in the written subcontract. Appellee performed or paid to have performed all storm sewer and bridge excavation work on the project and his claim amounted to 4,855 cubic yards at $2.75 per cubic yard.

Additionally, the appellee and the appellant contractor had an oral agreement that appellant would furnish the forms for the culverts and catch basins on the project.

Appellant contractor failed to furnish adequate forms and such forms were obtained and furnished by the appellee at a sum of $3,276.40.

In addition, at the request of the appellant contractor, the appellee cleaned out the storm sewers and the bridge culvert, and it is the appellee's contention that it was entitled to payment for this work, and a reasonable charge for this work was asserted to be $2,600.00 for cleaning the storm sewer and $875.00 for cleaning the bridge culvert.

Also, the complaint claimed $1,400.00 for sand furnished by the appellee for foundation material, which was not specifically covered by its contract. It also claimed $275.00 for additional excavation work done at the request of the appellant contractor; and $800.00 for the removal of a structure from a part of the property.

The appellee claimed that the full amount to which it was entitled under the subcontract was $74,918.45. It conceded that it had been paid approximately $57,000.00 and that a balance remained due under the subcontract and the extra items claimed in the amount of $27,758.60. The jury returned a verdict in favor of the appellee in the amount of $25,980.00.

The appellants filed a motion for a new trial, which was denied. This appeal is from the final judgment.

The record in this case exceeds 1,500 pages in length and consists of some seven transcript volumes. The appellant has made more then 100 assignments of error. However, these assignments are not all argued, and many of the assignments are repetitive. We will consider only those categories of assignments which have been argued in brief.

■ It is first argued by the appellants that the trial court erred in refusing to give several written requests for the affirmative charge. It is the contention of the appellants that the defendants were

entitled to the general affirmative charge because the appellee (plaintiff) failed to prove that the person purporting to sign the bond sued upon as attorney in fact for National Union Fire Insurance Company of Pittsburgh, Pennsylvania, had written authority from the surety to execute the bond in suit on its behalf. It is the contention of the appellants that the statute of frauds requires that the bond must be subscribed on behalf of the defendant surety by some person authorized in writing to bind the defendant.

■ It is true that the statute of frauds, Title 20, § 3(3), Code of Alabama, 1940 Recompiled 1958, requires such authority to be in writing. However, it is equally true in this state that under the provisions of Title 7, § 375, Code of Alabama, 1940, every instrument, the foundation of a suit, purporting to be signed by the defendant, his partner, agent, or attorney in fact, must be received in evidence without proof of execution, unless the execution is denied by plea verified by affidavit. Likewise, Title 7, § 226, Code of Alabama, 1940, requires that plea denying the execution by the defendant, his agent or attorney, or partner, of any instrument in writing, the foundation of a suit must be verified by affidavit. In this case the pleading was in short by consent. This court has repeatedly held that a plea in short by consent with leave to give in evidence any matter which, if well pleaded, would be admissible in defense, does not permit proof of defensive matter required by the law of this state to be interposed by a verified special plea. Johnston v. Isley, 240 Ala. 217, 198 So. 348; Emergency Aid Insurance Company v. Dobbs, 263 Ala. 594, 83 So.2d 335.

The appellants, therefore, can take nothing from these assignments of error.

The appellants cite a great many cases to support the proposition that the trial court erred in refusing the affirmative charge on this ground. However, an examination of those cases will indicate that in each one where the trial court was re-

versed for failure to give the affirmative charge, a special verified plea had been filed raising the statute of frauds.

■ While it is true that the filing of a special plea raising the statute of frauds, which plea is required to be verified under our statute, places the burden on the plaintiff with respect to compliance with the statute of frauds, nothing in our law requires the plaintiff to discharge this obligation under a plea of the general issue, or under a plea of the general issue in short by consent. It would be grossly unfair to give the affirmative charge on this ground against the plaintiff, when the plaintiff has never been apprised, by special verified plea, that it had the burden of proving compliance.

■ The appellants contend that the case of Southern Life and Health Insurance Company v. Whitfield, 238 Ala. 243, 190 So. 276 (1939) stands for the proposition that although the absence of a verified plea raising the statute of frauds relieves the plaintiff from proving the execution of the bond sued upon, the plaintiff still has the burden of proving the existence of the bond as an essential element of its prima facie case. In the case at hand, it is the contention of the appellant that the surety was entitled to the general affirmative charge on the ground that the plaintiff failed to prove that the attorney in fact executing the bond on behalf of the surety had authority which was in writing, as required by the statute of frauds. The case was tried on a plea of the general issue in short by consent. As noted above, we have repeatedly held that a plea of the general issue allows by way of defense any matter which might be proven if specially pleaded, except for pleas required by our law to be verified by affidavit. The *Southern Life and Health* case simply held that a suit in an insurance policy, which also was tried on a plea of the general issue in short by consent, required the plaintiff to make out a prima facie case. That is true. But in that case the plaintiff failed to

introduce into evidence the policy of insurance sued upon. That is not the situation with respect to the instant case. We believe those authorities heretofore cited are controlling.

■ The next series of assignments of error insist that the trial court erred for refusal to give the following requested charge:

"Charge D 1. I charge you, gentlemen of the Jury, that if you believe the evidence in this case, you must find for the Defendant.

"Refused.

"FRED W. NICOL

"Judge."

First, there was no error in refusing to give this charge inasmuch as there were two defendants in the case. The charge is applicable only to one defendant, and no indication therein is made as to which the charge alludes to.

We are told in brief that the basis of the charge was that the appellants contended that the evidence failed to show that the defendant surety received written notice of the plaintiff's claim 45 days prior to the institution of this action on the payment bond, as required by Title 50, § 16, Code of Alabama, 1940.

Even if the charge was good with respect to the defendant surety, it would not have been good with respect to the defendant contractor. In fact, the appellants concede in brief the sufficiency of the evidence in the case as to the defendant contractor. Additionally, there is evidence in the record, supplied by James Ray Cox, president of the appellee corporation, that a written claim was prepared by him and forwarded to both appellants well within the time required by Title 50, § 16, Code of Alabama. There was then evidence from which the jury could find that the claim was received by the State of Alabama and

by the appellants well within the time required by law.

It is next argued in brief that the trial court erred in overruling demurrers filed by the appellants, which contain the following grounds:

"6. For that it affirmatively appears that the Plaintiff failed to give all proper notice required and consequently is estopped from prosecuting this action.

"7. For aught that appears the Plaintiff failed to give all proper notice required and consequently is estopped from prosecuting this action."

There was no error in overruling the demurrers filed by the appellants on these grounds. Aside from defects in the grounds of demurrer, which might otherwise be apparent, the plaintiff's complaint alleged that:

" * * * and plaintiff further alleges that plaintiff more than forty-five (45) days next preceding the filing of this complaint gave written notice to the defendant, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, a corporation, of the amount claimed to be due the plaintiff for said labor, materials, and supplies supplied to the defendant, Southeast Contractors, Inc., a corporation, in the prosecution of the work provided for in its said contract dated March 4, 1964, with said State of Alabama, and of the nature of said claim, * * *."

It is apparent that the complaint was not defective for failure to contain this allegation.

■ It is next argued by the appellant that the trial court erred in permitting testimony with respect to a reasonable attorney's fee to be awarded the appellee's attorney in this case. Title 50, § 16, Code of Alabama provides in part as follows:

"In the event the surety or contractor fails to pay such claim in full within forty-five days from the mailing of such

notice, then such person or persons shall be entitled to recover of the contractor and surety, in addition to the amount of said claim, a reasonable attorney's fee, together with interest on such claim from the date of such notice."

In this case there was evidence that a reasonable attorney's fee would be $9,000.00.

We find no error in permitting this testimony. The statute cited above, and indeed the bond itself, provided for the payment of a reasonable attorney's fee. The appellants argue that the provisions of the statute and the bond do not provide for a speculative or contingent fee based upon the uncertainty in the result of the litigation. That may well be so. But the evidence adduced was in the opinion of the attorney who testified, that $9,000.00 was a reasonable attorney's fee for the prosecution of the suit on behalf of the plaintiff. There was no error in allowing this testimony.

In fact, the appellants themselves asked the attorney who was testifying the exact same question to which they object when propounded to the witness by the appellee. For this reason alone no reversal could be predicated upon the initial admission of this evidence.

There are other assignments of error but essentially they all relate to the sufficiency of the evidence. Particularly it is argued that there is no evidence to support the jury's awarding anything for excavation work done by the plaintiff at the behest of the defendant contractor. Other assignments contend that there is an insufficiency of evidence to support the jury's verdict. We have carefully examined the evidence and specifically find that there was evidence on behalf of the plaintiff's contention that it was entitled to a reasonable amount for excavation work. In addition, there is evidence which required that this case be submitted to the jury. The trial court submitted the case to the jury which returned a verdict in favor of the appellee. Thereafter the appellants filed a motion for new trial raising essentially the same grounds which have been raised here. After considering the motion, the trial court denied it. As so often said, the denial of a motion for new trial on the ground that the verdict is not supported by the evidence lends support to the correctness of the verdict.

Having considered all of the contentions of the appellants, we conclude that the judgment appealed from must be affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH, and McCALL, JJ., concur.