ALMON, Justice.
Barton Scott brought an action for personal injuries received as a result of the alleged negligent operation of a pickup truck driven by Teresa Schlosser, which collided with a motorcycle driven by Scott.
The defendant Schlosser pled the general issue and contributory negligence. The jury returned a verdict for the defendant and judgment was entered accordingly.
On a September morning, at approximately 3:00 a. m., the defendant, while driving her father’s pickup truck, turned left into the driveway of her home on Todd Mill Road in Huntsville, Alabama. Scott, coming from the opposite direction on a friend’s motorcycle, struck the truck broadside as it crossed his lane. Both Scott and Patty McQueen, who was riding with him on the motorcycle, were injured.
Scott’s suit was consolidated with a suit by the owner of the motorcycle, Charles Hopper. The jury verdict was for Hopper on the property claim and for the defendant on Scott’s personal injury claim.
Two of the jury instructions given by the trial court concerning the contributory negligence defense are the subject of this appeal. The court instructed the jury that the violation of certain traffic laws would amount to negligence as a matter of law and proceeded to read some of these laws to the jury, after cautioning them that such reading was “no indication that they have been violated or that any such violation, if any violation there be, proximately caused or proximately contributed to the injur jes complained of by the Plaintiffs.” The court told the jury that they were to determine from the evidence whether the laws had been violated and, if so, whether such violation was a proximate cause of or proximately contributed to the accident.
The statutes in question are Code 1975, § 32-5-170, and Code 1975, § 32-5-91(b)(4). In the court’s words, the former provides that, “It shall be unlawful for any person who is intoxicated to drive a motor vehicle upon any highway of this state,” and the latter, that
“Subject to the provisions of subsection (a)” [concerning “a careful and prudent speed”] which I have just read to you of this section, “and except in those instances where a lower speed is specified, it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful.” And in connection with that, one of the subdivisions, one of the portions having to do with that is as follows: “Fifteen miles an hour in traversing or going around curves or traversing a grade upon a highway when the driver’s view is obstructed within a distance of one hundred feet along such highway, in the direction in which he is proceeding.” (Emphasis added).
Scott contends that there was no evidence in the case either that he was intoxicated or that the stretch of road he was traversing immediately prior to the accident was such as to invoke the operation of § 32-5-91(b)(4).
On neither of these points can we say that there was no evidence at all, or that the evidence was incontrovertible in' Barton’s favor, or that the jury was misled. As to the intoxication, Scott himself testified that he had three beers during the evening: two during the Alabama-Nebraska football game which he watched at a friend’s apartment from 8:00 p. m. until it finished, and one during the approximately four-hour period which he spent socializing with friends at a bar called the Gathering Spot. Al *43 though Patty testified that she did not see Scott drinking during this period, officer Cain, who investigated the accident, testified that Patty told him at the scene “that they had been drinking.”
Finally, evidence concerning the accident itself might reasonably indicate that Scott’s intoxication proximately contributed to the accident. Scott testified that he saw Teresa begin to turn into his lane when he was about 100 feet away, yet the skid marks of his motorcycle were only about twenty-five feet long and led toward the driveway. It would be reasonable to infer that his reactions in putting on the brakes were slowed and that his judgment was impaired, in that he steered rightward into the turning truck, not leftward around the back of it.
As to the sight distance along the road, there was much evidence, both testimony and photographs, concerning the stretch of Todd Mill Road in the vicinity of the Schlos-sers’ house. The evidence clearly shows that the driveway itself is in a curve. The dispute is over Scott’s view as he approached this curve. Scott asserts that, looking from the driveway to the south, one can see for 750 feet. Whether this is true or not, it misses the point. The question is not what his view had been back down the road, but what it was immediately prior to the accident. In other words, should he have been slowing down as he entered the curve?
The road curved to Scott’ left, and the inside of the curve was overgrown with dense foliage which would have blocked his view of oncoming traffic for some distance at least. The jury might well have concluded that this curve, which begins at least 100 feet before the Schlossers’ driveway, created enough of a hazard to come under the intendment of the 15 mile per hour speed limit in question. In view of the considerable and conflicting evidence on this point, the trial court was justified in reading § 32-5-91(b)(4) to the jury.
Having found that the challenged instructions were not given in error, we hold that the trial court’s judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.