ALMON, Justice
(dissenting).
I would affirm the judgment. There was no reversible error in the trial court’s instructions on §§ 10-1-8 and 10-5-2, Birmingham City Code, prohibiting traveling the wrong way on one-way streets and disobeying intersection markers. Although the majority opinion sets out other rules of the road quoted in the trial court’s instructions, McAbee objected only to the giving of §§ 10-1-8 and 10-5-2. The trial court, as the majority opinion notes, carefully instructed the jury that the mere fact that the court was giving the instructions did not imply that the ordinances had been *791 violated or that any such violation constituted negligence or a proximate cause of the accident.
The following language from one of this Court’s cases is directly pertinent:
“[T]he trial court specifically instructed the jury that they were to determine (1) if the ordinance had been violated, (2) whether any violation would constitute negligence, and (3) whether that negligence would be the proximate cause of decedent’s death. There was absolutely nothing in the charge that has been shown to injure the substantial rights of the appellant. At no time did the trial court either directly or indirectly instruct the jury that Ordinance No. 1437 had been violated. In fact, the learned trial judge specifically stated that ‘the fact that I read [the ordinance] to you is no indication that it has been violated or that any violation was the proximately contributing cause of any injury.’ The ordinance was one factor that could be weighed by the jury to determine whether plaintiff’s decedent was negligent under the circumstances. When considered as a whole, there was no reversible error in the charge.”
Murray v. Alabama Power Co., 413 So.2d 1109, 1113 (Ala.1982) (emphasis and brackets in original).
I think the evidence that McAbee was preparing to turn into an alleyway marked “DO NOT ENTER” and that he had to stop in traffic because a car was coming out of the alley sufficiently presented to the jury the questions whether McAbee was violating § 10-1-8 or § 10-5-2; if so, whether such a violation was negligence; and, if so, whether such negligence proximately contributed to the accident. Thus, the evidence supported the trial court’s decision to instruct on the two sections in question, and I would hold that the trial court did not err in giving the instructions. See Scott v. Schlosser, 401 So.2d 41 (Ala.1981).
MADDOX, J., concurs.