MADDOX, Justice.
In this wrongful death action the plaintiff appeals from a judgment based on a jury verdict for the defendants. The plaintiff raises two issues: (1) whether the trial court erred in not allowing the plaintiff to disclose to the jury that the defendants had insurance coverage, after defense counsel had argued insurance information to the jury; and (2) whether the trial court erred in instructing the jury with regard to the defense of contributory negligence. We affirm.
Johnnie Sue Russell filed this wrongful death action in-the Circuit Court of Talladega County, as executrix of the estate of Nell B. Owings, alleging that an automobile accident that occurred on September 13, 1993, and resulted in the death of Nell B. Owings, was proximately caused by negligence on the part of employees of the State of Alabama Department of Transportation.[1] The facts indicate that Ms. Owings, 79 years old, was driving down 13th Street S.W. in Childers-burg and that when she attempted to enter U.S. Highway 280 from 13th Street her vehicle was struck by a vehicle driven by a motorist traveling east on U.S. Highway 280. The plaintiff contends that the defendants created a hazard while they were performing maintenance work on a drainage structure at the intersection of U.S. Highway 280 and 13th Street S.W. by placing three vehicles so near the intersection that the vision of motorists entering U.S. Highway 280 from 13th Street was obstructed and that the obstruction proximately caused Ms. Owings’s death.
The case was heard before a jury. Four witnesses testified that the vehicles placed at the location by the defendants created a dangerous and hazardous condition on the day Ms. Owings was killed. There was also evidence presented indicating that road workers such as the defendants are aware of the danger of obstructing a motorist’s vision; that transportation work crews have the responsibility to do something about such a hazard; and that the procedure they should have followed in this instance would have been to control traffic on Highway 280 by placing road construction signs, lights, cones, flashing arrows, or a flagman to indicate to motorists that maintenance work was being done. No evidence indicated that any kind of notice was given to alert motorists about any kind of highway maintenance.
There were no eyewitnesses to the actual collision. However, one of the defendants, Kenny Garrett, testified that, while he was using a power shovel to smooth dirt around a drainage facility grate off the roadway at the *243 intersection, he saw Ms. Owings’s vehicle coming down 13th Street and that he “motioned for her to stop.” He testified that he “motioned for her to stop” because, he said, “she wasn’t showing any initiative to stop at the stop sign.” Garrett farther testified that “[it] seems like to me she wasn’t paying any attention to what she really was doing or whatever — -just that instinct I just threw my hand up.” After he “motioned for her to stop,” he said, he turned his head back to the boom on the shovel at the work site and then “heard a loud noise.”
Russell argues that Garrett’s trial testimony and his answers to interrogatories conflict in regard to what actually occurred before the accident. Russell argues that in Garrett’s interrogatory answers he said that he saw Ms. Owings run the stop sign, but that at trial he admitted that he did not know whether or not she had stopped. We note that the record contains conflicting evidence presented by both parties as to what actually occurred and what was said before the accident and after it.
The jury, after brief deliberations, returned a verdict in favor of all defendants. The plaintiff moved for a judgment notwithstanding the verdict or, alternatively, a new trial. Both were denied. This appeal followed.
I.
We first address the issue whether the trial court erred in not allowing the plaintiff to disclose to the jury that the defendants had insurance coverage, after defense counsel had argued insurance information to the jury. We have no record of what was actually said, because no record was made of closing arguments; neither party requested that a record be made. This Court has held that when counsel objects to opposing counsel’s arguments and the record does not show the arguments but only what objecting counsel said opposing counsel had argued, the record will not support a reversal. Therefore, the plaintiff is not entitled to a reversal on this issue. Alabama Electric Coop., Inc. v. Partridge, 283 Ala. 251, 215 So.2d 580 (1968). Furthermore, we note that when the objection was made, the trial court said it would provide corrective instructions to the jury.
The trial court has discretion to determine the propriety of closing arguments. A statement in argument must be “so ‘grossly improper and highly prejudicial as to be ineradicable from the minds of the jurors, notwithstanding a timely admonition from the trial judge,’ in order for it to warrant the granting of a new trial.” Patrick v. Femco Southeast, Inc., 590 So.2d 259 (Ala. 1991), quoting Hill v. Sherwood, 488 So.2d 1357, 1359 (Ala.1986). It is well settled that the trial court’s ruling on a motion for a new trial based on objections to argument of counsel is presumed to be correct, absent an abuse of discretion. Newman v. Bankers Fidelity Life Insurance Co., 628 So.2d 439 (Ala.1993); Alabama Electric Coop., Inc. v. Partridge, supra; Cannon v. Jones, 426 So.2d 439 (Ala.Civ.App.1983). The trial court, at the end of its charges, instructed the jury not to take counsel’s arguments as evidence and further told the jurors that they should use their common sense; these instructions appear to have been followed.
II.
The plaintiffs second issue concerns the jury instructions given by the trial court. The plaintiff argues that the trial court erred in giving jury instructions concerning contributory negligence per se, specifically by giving instructions based on § 32-5A-112(b), Ala.Code 1975. It appears that the trial court gave adequate instructions to the jury concerning the definition of negligent conduct, wanton conduct, duty, proximate cause, contributory negligence, assumption of the risk, and negligence per se. The sole jury charge complained of by the plaintiff has to do with the charge of contributory negligence per se.
The trial court charged the jury as follows:
“Now the defendant can likewise prove contributory negligence on the part of the plaintiffs deceased by proving to your reasonable satisfaction that the deceased violated a rule or rules of the road. However, before such violation would be a defense on *244 [the] part of the defendant, such violation must proximately have caused or proximately contributed to the injury complained of by the plaintiff.
“I will now read to you certain of these rules of the road — there is going to be one of them the violation of which is contributory negligence as a matter of law. The fact I read these statutes is no indication that any of these statutes have been violated or that such violation proximately caused or proximately contributed to the injuries complained of by the plaintiff. It is for you to decide whether or not the statutes have been violated and whether or not any such violation proximately caused or proximately contributed to the injury complained of by the plaintiff, depending on what you find the facts to be in this case.
“... Title 32, Chapter 5A, Section 112(b), of the 1975 Code of Alabama, under motor vehicles and traffic section, is as follows: ‘Except when directed to proceed by a police officer every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, but if none, ... then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways.’ ”
We conclude that the trial court did not err in so instructing the jury. This Court, in McAbee v. Richey, 585 So.2d 788 (Ala.1991), quoting from Murray v. Alabama Power Co., 413 So.2d 1109 (Ala.1982), discussed instructions to a jury ' regarding whether a motorist killed in a traffic accident had violated one of our Rules of the Road. In Murray, the trial court specifically instructed the members of the jury that they were to determine (1) if the ordinance had been violated, (2) if so, whether the violation would constitute negligence, and (3) if so, whether that negligence was the proximate cause of the decedent’s death; this Court wrote:
“The ordinance is a safety ordinance passed by the City of Tuscaloosa, designed to prohibit the very conduct in which [the decedent] and his two companions were engaged at the time of the accident. The breach of a statute or ordinance by a plaintiff can be asserted by a defendant as evidence of contributory negligence when that statute or ordinance fixes a standard of reasonable care for that plaintiff and/or members of the community. Industrial Tile, Inc. v. Stewart, 388 So.2d 171 (Ala. 1980); Knight v. Bums, Kirkley & Williams Construction Co., 331 So.2d 651 (Ala.1976). See also, City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264 (1939). Such use of a statute or ordinance does not automatically label the plaintiffs conduct as negligent. The determination, as in this case, of whether a violation of the statute or ordinance, if any, constitutes negligent conduct is left solely to the jury.”
McAbee, at 790 (quoting from Murray, 413 So.2d at 1113).
We find no reversible error in the trial judge’s instruction. In fact, it seems to conform with the holding in Murray.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
HOOPER, C.J., and SHORES and KENNEDY, JJ., concur.
COOK, J., concurs in the result.

. The State employees named as defendants in the action were Jim Mathis, Anthony McKenzie, Larry Armbrester, Kenny Garrett, George Holland, and Sam Richardson.